UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| James Hampton Williams, II, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment in full.

### BACKGROUND

On January 21, 2003, a federal grand jury returned a Third Superseding Indictment charging Defendant, along with others, for his role in a conspiracy to distribute cocaine and crack cocaine (Count One). Defendant was also charged in a money laundering conspiracy (Count Two) and in two counts alleging cocaine distribution (Counts Five and Sixteen). Defendant pleaded not guilty and thereafter proceeded to trial. On November 19, 2003, a jury returned a guilty verdict on all counts.

On August 20, 2004, Defendant was sentenced to life in prison. Defendant appealed to the Fourth Circuit Court of Appeals. On May 16, 2007, the Fourth Circuit Court of Appeals affirmed Defendant's convictions, but determined, based on *Booker v. United States*, 543 U.S. 220 (2005) (decided while Defendant's case was on appeal), that Defendant's sentence must be vacated and his

case remanded to this court for resentencing. *See United States v. Williams*, 227 Fed.App'x 307 (4th Cir. 2007).

On November 1, 2007, Defendant appeared for resentencing. After considering the advisory guideline range as well as the relevant statutory factors, this court granted Defendant's motion for a variance from the applicable guidelines range and sentenced Defendant to 360 months' imprisonment.

Defendant again appealed. On April 24, 2009, the Fourth Circuit affirmed Defendant's sentence. *See United States v. Williams*, 323 Fed.App'x 252 (4th Cir. 2009).

Defendant thereafter timely filed this motion for relief, asserting that he received ineffective assistance of trial counsel. In his Traverse in Response to the Government's summary judgment motion, Defendant fails to present argument in support of his Fourth and Fifth Grounds for Relief. Additionally, Defendant's Third Ground for Relief has no merit. Therefore, for the reasons stated by the Government in its memorandum in support of the motion for summary judgment relating to these grounds, with which this court agrees and adopts as its findings, summary judgment is granted as to Defendant's Third, Fourth, and Fifth Grounds for Relief and they are dismissed with prejudice. Defendant's First and Second Grounds are addressed below.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective

assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

### 1. GROUND ONE – PLEA AGREEMENT

Defendant contends that counsel informed him that the Government offered a non-cooperation plea agreement which capped his incarceration exposure at fourteen (14) years, but that he rejected the plea agreement because counsel "misinformed Movant of what his sentence exposure would be if he stood trial," and that he was informed and believed that "despite Movant standing trial the maximum sentence would still be 14-years [sic]." Mem. Supp. at 5 (Dkt. # 3149-1, filed May 3, 2010). The Government maintains that it offered to allow Defendant to plead to the conspiracy charge with an opportunity to cooperate and earn either a downward departure or a later reduction in sentence, and that at no time did the Government make an offer to allow Defendant to

"plead to fourteen years." Resp. to Dft's Mot. for Relief at 6 (Dkt. #3240, filed Aug. 23, 2010). Counsel for Defendant, Leland B. Greeley, avers that "[t]he offer made by the Government was a general offer . . . [and] [a]s usual, the Government provided a substantial assistance possibility." Aff. of Leland B. Greeley at 1, 2 (Dkt. #3240-3, filed Aug. 23, 2010).

Defendant was advised at his arraignment on the Third Superseding Indictment of the statutory penalties applicable to the crimes with which he was charged. *See* Docket Entry #1436, Arraignment, May 22, 2003. Therefore, Defendant was aware of the possible statutory penalties associated with a conviction on the offenses with which he was charged, and these possible penalties were substantially greater than fourteen years.

Moreover, if the Government had offered Defendant a plea in which the Government "agreed to" a fourteen-year sentence, Defendant does not maintain that he was told by either his counsel or the Government that this court would be bound by such an agreement. This court does not accept binding plea agreements under Rule 11(c)(1)(C). Therefore, even if the parties had agreed that a fourteen-year sentence was appropriate, this court would not have accepted such a plea, and would have, in the course of accepting any plea, again informed Defendant of the statutory penalty associated with the offense or offenses to which he was pleading, and would have specifically told Defendant that any agreement between the parties relating to an appropriate sentence was not binding on the court. *See* Fed. R. Crim. P. 11(c)(3)(B).

In view of the impossibility of Defendant receiving a binding plea agreement for a fourteen-year sentence, and the fact that Defendant was advised of the maximum penalty of life without parole, he cannot show that any failure by counsel to advise him he faced a sentence above fourteen years prejudiced him. For this and the other reasons set forth in the Government's memorandum

4

in support of the motion for summary judgment on this Ground, summary judgment is granted as to Ground One.

### 2. GROUND TWO – GUIDELINE ENHANCEMENTS

Defendant's second ground for relief contends that counsel was ineffective in failing to argue against the Guideline enhancement for a leadership role under U.S.S.G. § 3B1.1(a) which was applied at his sentencing. Defendant points to select testimony in the record to support his argument that he did not supervise anyone, that he was told to whom to deliver drugs, that prices of the drugs were set by others, and that there was no evidence that he claimed the right to a larger "cut" of the profits, and therefore this enhancement could not have applied. *See* Mem. in Supp. at 8-10 (Dkt. #3149-1, filed May 3, 2010).

In opposition, the Government argues that the testimony at Defendant's trial established that Defendant was a "major player" in the drug distribution conspiracy, which was led by Defendant's uncle, John Williams. Greeley also avers that he "did not know of any other people [other than Defendant] who would have offered testimony to this issue against the government position." Aff. of Greeley at 3.

Even if this court assumes for purposes of this motion that counsel was ineffective in failing to present this factual challenge at sentencing, Defendant cannot establish prejudice. The evidence at trial showed that Defendant had a position of significant authority at various times during the course of the wide-ranging drug distribution conspiracy; that he was trusted by his uncle to be responsible for and make decisions concerning to whom cocaine would be sold, prices that were being sought for it, and decisions concerning how cocaine would be handed out to various dealers who were within the enterprise in the Columbia and Orangeburg areas of South Carolina; and that

5

the conspiracy involved substantially more than five individuals. *See* U.S.S.G. § 3B1.1, comment. (n. 4).

Therefore, Defendant's Second ground for relief is rejected, and the Government is entitled to summary judgment on this Ground.

### CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is **granted** as to all Grounds contained in Defendant's motion.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 22, 2011

6