IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:02-548-CMC |
| v. | |
| James Hampton Williams, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motions for appointment of counsel and to reduce sentence under Amendment 782. ECF Nos. 4185, 4186. Defendant requests a two level reduction based on Amendment 782 and appointment of counsel to assist him in seeking this reduction. Defendant has previously been denied a reduction under Amendment 782. ECF No. 4154.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, Defendant's motion for reconsideration fails on the merits because he is not entitled to a reduction pursuant to Amendment

782.  Defendant was originally sentenced to life; however, the Fourth Circuit vacated his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  ECF Nos. 1986 (original judgment), 2398 (Fourth Circuit opinion).  At resentencing, the court granted a variance to 360 months due to the nature and circumstances of the offense and history and characteristics of Defendant, as evidenced by his "extraordinary post-conviction rehabilitation while incarcerated."  ECF Nos. 2456 (Amended Judgment), 2457 (Statement of Reasons).

On October 20, 2017, Defendant filed a *pro se* motion to reduce sentence under Amendment 782.  ECF No. 4153.  The court denied the motion as it cannot take into account the variance granted at re-sentencing (ECF No. 4154), and the Fourth Circuit dismissed Defendant's appeal based on failure to prosecute (ECF No. 4171).  The same result is compelled on the instant motion: Defendant received a variance at sentencing that cannot be applied in a proceeding under § 3582.  Without application of the variance at sentencing, the two-level reduction under Amendment 782 lowers Defendant's guideline range to 360 months – life imprisonment.  Defendant's sentence is 360 months; therefore, Defendant's guideline range is not lowered by application of Amendment 782.  *See* ECF No. 1791, SRR.  As Defendant does not qualify for a reduction in sentence, appointment of counsel is not necessary.  Defendant's motions are denied.

**IT IS SO ORDERED.**

                                              s/Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              Senior United States District Judge

Columbia, South Carolina
May 4, 2018