IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:02-548-03-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| James Hampton Williams, II,<br>Defendant. | |

This case comes before the court on Defendant's Motion for Relief Under First Step Act of 2018. ECF No. 4307. The United States Probation Office filed a Sentence Reduction Report ("SRR") indicating eligibility for a reduction on Count 1 as that conviction was for a covered offense. ECF No. 4286. The Government filed a response in opposition (ECF No. 4315), and Defendant filed "additional attachments" to his motion (ECF No. 4322). The court entered a text order directing the parties to address the impact of Defendant's conviction on Count 16 on his eligibility and on a potential sentence reduction under the First Step Act. ECF No. 4328. Defendant filed a supplemental motion in response (ECF No. 4333) and the Government filed a response (ECF No. 4334). The court then held a hearing on July 16, 2019. ECF No. 4340.

For the reasons set forth below, the court finds Defendant's statutory range on Count 1 is changed by the First Step Act and is no longer 10 years to Life and at least five years' supervised release, but is now five-40 years and at least four years' supervised release. Defendant's advisory guideline range is 360 to 480 months. His current sentence is 360 months and five years' supervised release. The court will consider the new statutory range, the advisory guideline range, factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing mitigation in deciding whether to impose a reduced sentence of incarceration. Therefore, the parties shall file, on or before August 15, 2019, any further submissions relevant to these matters.

## Background

Defendant was charged in a Third Superseding Indictment with four counts: Count 1, conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count 2, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(3)(A), and 1956(h); Count 5, possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 16, possession with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 871. Following a jury trial, he was found guilty on all four counts.

As to Count 1, the jury was instructed that Defendant could be convicted based on proof of a conspiracy involving five kilograms or more of cocaine "<u>and/or</u>" 50 grams or more of cocaine base; the jury instructions specifically note "the Government must prove that the overall scope of the conspiracy involved at least 5 kilograms of cocaine or at least 50 grams of cocaine base, commonly known as "crack" cocaine." ECF No. 1542 at 28-29. The guilty verdict on Count 1, rendered on November 19, 2003, did not require the jury to specify whether they found Defendant guilty based on cocaine, cocaine base, or both. ECF No. 1545. Defendant was also found guilty on Counts 5 and 16, distribution of cocaine, not cocaine base, in different amounts. *Id.* He was initially sentenced to Life imprisonment. ECF No. 1986. At *Booker* resentencing, Defendant was sentenced to a total term of 360 months imprisonment: 240 months each on Counts 1, 2, and 5, and 360 months as to Count 16, all to run concurrently. He received a supervised release term of

2

five years, consisting of five years as to Count 1, three years as to Counts 2 and 5, and four years as to Count 16. ECF No. 2456.

**First Step Act Eligibility**

The Government contends Defendant is not eligible for relief on Count 1 because the majority of the evidence at trial on that count concerned Defendant's involvement in cocaine, as opposed to cocaine base. Because the amounts of cocaine testified to far exceeded five kilograms, the Government submits "the jury, in convicting Williams on Count One, clearly accepted that he was involved in the distribution of 5 kilograms of cocaine or more." ECF No. 4315 at 7.

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, as to Count 1, if the jury only found Defendant guilty of a conspiracy involving 50 grams or more of cocaine base, the conviction meets the "covered offense" requirement of the First Step Act.

3

Unfortunately, at the time of the trial, juries were not required to specify whether five kilograms or more of cocaine or 50 grams or more of cocaine base or both were the basis for their verdict, as the statutory penalties were the same.

Applying the rule of lenity[1], the court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range on Count 1 for conspiracy involving 50 grams or more of cocaine base would have been five – 40 years under 21 U.S.C. § 841(b)(1)(B). Defendant would have been subject to four years supervised release on Count 1.

### **Impact of Additional Conviction on Eligibility**

Defendant's case is distinguishable from that of his co-defendants due to his additional conviction for possession with intent to distribute and distribution of 500 grams or more of cocaine (Count 16). His sentence on this count is 360 months, higher than the sentence on the conspiracy count (Count 1). By text order of June 12, 2019, the court ordered the parties to address any effect the conviction and sentence for Count 16 may impact Defendant's eligibility for relief on Count 1. ECF No. 4328.

---

[1] *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("[T]he rule of lenity tips the scales in favor of the defendant by requiring the court 'to impose the lesser of two penalties.'").

Defendant argues Defendant remains eligible for relief under the First Step Act on Count 1, the "most serious offense" on which Defendant was convicted, and contends the unchanged statutory range on Count 16 has no effect on his eligibility for relief. ECF No. 4333. The Government agrees the conviction on Count 16 is not for a covered offense under the First Step Act, but argues that conviction "should not impact the court's decision regarding Williams' eligibility for relief." ECF No. 4334 at 1-2. It contends "if a defendant received a sentence for a crack offense that is concurrent to sentences imposed for non-crack offenses, the court may impose a new sentence that has the effect of reducing the terms of imprisonment for the non-crack offenses." *Id.* at 1. Essentially, because the court originally fashioned a sentence as a whole for all convictions, his eligibility[2] on Count 1 under the First Step Act means the court has the authority and discretion to unbundle the sentence and re-sentence on all counts.

As the parties agree the court has discretion to impose a reduced sentence, it will proceed.

### **Full Resentencing**

Defendant urges the court to grant a full resentencing, at which he may argue additional considerations for the court. The court disagrees Defendant is entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine

---

[2] The Government preserves its argument that Defendant is not eligible for relief under the First Step Act on Count 1 because cocaine was also an object of the conspiracy, but concedes the court has ruled against that argument in co-defendants' cases.

5

base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic

6

judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010) ([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the

7

Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a statutory range of five-40 years and a supervised release term of four years on Count 1. His advisory guideline range is 360 to 480 months.

**Conclusion**

Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of post-sentencing mitigation. Therefore, the parties shall file, on or before August 15, 2019, any submissions relevant to these matters.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
July 19, 2019